UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                        Case No. 09-20123
MALCOLM GARRETT,                       Honorable Julian Abele Cook, Jr.

        Defendant.

## ORDER

On July 30, 2009, the Defendant, Malcolm Garrett, pled guilty to violating one count of conspiracy to distribute more than 50 grams of crack cocaine, in violation of 21 U.S.C. § 846 and § 841(b)(1)(A)(iii). At the time of his sentencing, Garrett was held accountable for 154.57 grams of crack cocaine. (Presentence Investigation Report ("the PSR"), ¶ 17). In calculating Garrett's applicable guideline range, the Probation Department established (1) his base offense level to be 32 (PSR ¶ 22), (2) that his acceptance of responsibility for his criminal conduct warranted a 3 point reduction in the calculation of his total offense level to 29. (PSR ¶ 31), and (3) that the scope and nature of his criminal conduct warranted an assignment of category VI to his criminal history. As a result of these calculations, Garrett's applicable guideline range for this offense became 151 to 188 months of imprisonment, which included a statutory mandatory minimum period of 120 months of imprisonment. (PSR ¶¶ 98, 99).

At the sentencing hearing in November 2009, the Court declined to apply the then-applicable

sentencing guidelines for crack cocaine cases, stating that "I believe that the disparity [between crack and powder cocaine] should be a one to one and thus . . . my ruling [will be rendered] on that basis." (Sentencing Trans. at 29.) The Court continued, "Having made the judgment with regard to the crack versus powder cocaine, that in my opinion results in an sentencing guideline range of 41 to 51 months. However, I do note that there is a current disparity between that sentencing guideline range and the mandatory minimum of imprisonment of 10 years or 120 months in this case." (Sentencing Trans. at 31). Thereafter, the Court placed Garrett in the custody of the Bureau of Prisons for a period of 151 months, noting that it was concerned with providing adequate deterrence against future criminal drug misconduct.

In 2010, Congress passed the Fair Sentencing Act, which amended the Sentencing Guidelines pertaining to crack cocaine and lowered the base offense levels for possession of crack cocaine in an effort to reduce the disparity between those sentences for offenses involving crack and powder cocaine. Amendment 750 authorized the retroactive application of the newly lowered offense levels delineated therein which became effective on November 1, 2011.

On March 12, 2012, Garrett filed a motion, in which he petitioned the Court for a reduction in his sentence, citing Amendment 750 as the basis for his request. It is his contention that this petition for relief is appropriate here as authorized by 18 U.S.C. § 3582(c) when a defendant's guideline range has been lowered and made retroactive by the Sentencing Commission. A hearing on that motion was conducted on September 25, 2012.

II.

Garrett seeks to have his sentence reduced, citing to Amendment 750 which had retroactively lowered the base offense levels for crack offenses to a ratio of 18:1 between crack and powder cases.

Thus - after taking Amendment 750 into consideration - his final offense level would be 25 and a criminal history category of VI, which would result in a Guideline range of 120-137 months when the 120 month mandatory minimum is applied to the range. Here, Garrett requests the imposition of a 120 month sentence.

The Government opposes Garrett's request by correctly noting that the Court, at the time of sentencing, applied a 1:1 ratio between crack and powder cocaine and found the applicable guidelines range to be 41-51 months. However, the amount of crack involved in his case resulted in a minimum mandatory penalty of 120 months. The Government states that, inasmuch as the Court had previously applied a 1:1 ratio, which resulted in a guidelines range even lower than the current crack guidelines, Garrett is not eligible for re-sentencing. Thereafter, the Probation Department issued a memorandum in which it agreed with the Government, noting that "as [Garrett's] new guideline range is significantly higher than the guideline range that was considered [by the Court] at the time of the original sentencing hearing, [he] is not eligible to receive a reduction in sentence in accordance with the Fair Sentencing Act."

The Court agrees. Amendment 750 did not have the effect of lowering the guidelines range found by the Court at Garrett's sentencing hearing in November 2009. Since the Court applied a guidelines range of 120 months, based on the minimum mandatory penalty, Amendment 750 does not lower the applicable range. Therefore, Garrett's motion must be denied.

IT IS SO ORDERED.

Date: November 9, 2012                                s/Julian Abele Cook, Jr.
                                                     JULIAN ABELE COOK, JR.
                                                     U.S. District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on November 9, 2012.

s/ Kay Doaks
Case Manager
